UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                          Criminal Case No. 18-20039

Cheryl Gabbard,                   Sean F. Cox
                                                  United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant Cheryl Gabbard ("Defendant") was convicted of bank robbery while still on supervised release after serving a 36-month sentence for a string of five bank robberies. She was sentenced to 46 months of imprisonment for the new offense and an additional 15 months for the supervised release violation. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion asks the Court to allow Defendant to serve the remainder of her sentence at home because she is concerned that she could contract the virus, and that she may be vulnerable to severe illness if she were to contract it. The parties have extensively briefed the issues and the Court held a hearing on March 17, 2021. As explained below, the Court shall DENY the motion.

**BACKGROUND**

In this criminal case, Defendant pleaded guilty to one count of Bank Robbery, Aiding and Abetting, in violation of 18 U.S.C. § 2113(a). This Court sentenced Defendant to 46 months

of imprisonment for this offense, and an additional 15 months of imprisonment because she committed the offense while on supervised release.

This Court appointed counsel for Defendant, who filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) on her behalf. The motion is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19") and Defendant's health conditions.

Defendant is a fifty-one year old woman who is currently held at FCI Danbury. Defendant has a thirty-year history of smoking cigarettes. She developed asthma and her medical records reference COPD (chronic obstructive pulmonary disease). This puts her at higher risk for severe complications of COVID-19, if she were to contract it. Defendant also claims to be obese, which would also put her at increased risk. Her brief claims that she is five foot five inches tall and she estimates her current weight to be about 200 pounds. Her medical records show various weights, at different dates. Defendant's projected release date is May 11, 2022.

The Government agrees that Defendant has exhausted her administrative remedies but opposes the motion on the merits. The Government initially agreed that Defendant has extraordinary and compelling circumstances, due to her health conditions, but argued that the motion should nevertheless be denied based upon a consideration of the § 3553 factors.

In a supplemental brief, the Government advised the Court that Defendant received the first dose of the Moderna COVID-19 vaccine on February 25, 2020 and was expected to received the second dose on or about March 25, 2020. As a result, the Government asserts that no extraordinary or compelling circumstances support Defendant's release. It also contends the

motion should be denied based upon a consideration of the § 3553(a) factors.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020).

"The passage of the First Step Act in 2018 expanded access to compassionate release by allowing inmates to bring compassionate-release motions on their own behalf." *United States v. Elias*, __ F.3d. __, 2021 WL 50169 at *1 (Jan. 6, 2021).

The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias, supra,* at *1*.

At step one, a court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added). But the Sixth Circuit has held "that § 1B1.13 is not

an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias, supra*, at *2. "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* That means that, "[u]ntil the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109. Because Defendant's compassionate release motion was filed by an incarcerated person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Jones, supra*.

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra*, at *2 (emphasis added). But it has also clarified that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id*. (emphasis added).

Here, Defendant contends that her request for compassionate release should be granted because her medical conditions, in light of the ongoing pandemic, constitute extraordinary and

4

compelling circumstances.

This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Here, Defendant asserts that she is heightened risk of more serious illness, if she were to contract COVID-19, because of her medical conditions. The Government concedes that Defendant suffers from medical conditions that may place her at increased risk of severe illness from the virus. But it notes that Defendant recently received a first dose of the Moderna COVID-19 vaccine on February 25, 2021 and is expected to receive a second dose on or about March 25, 2021. In light of this, this Court does not believe that Defendant has established extraordinary and compelling circumstances that warrant her release.

Moreover, this Court concludes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offense *weigh strongly* against her release.

5

Defendant and her estranged husband were arrested after robbing a bank on January 10, 2018. Notably, Defendant was on supervised release at the time of this offense, after serving a 36 month sentence for a string of five bank robberies. This is a very serious and troubling offense.

This Court does not believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court finds that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 18, 2021